Gassama v. Holder

BIA
Ferris, IJ
A096 252 832

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

DJIBY GASSAMA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

09-3313-ag
NAC

_____

FOR PETITIONER:      Djiby Gassama, *pro se*, Bronx, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; Mark C. Walters, Senior Litigation Counsel, Office of Immigration Litigation; Zoe J. Heller, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Djiby Gassama, a native and citizen of Mauritania, seeks review of a July 7, 2009, order of the BIA affirming the October 10, 2007, decision of Immigration Judge ("IJ") Noel Anne Ferris denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Djiby Gassama*, No. A 096 252 832 (B.I.A. July 7, 2009), *aff'g* No. A 096 252 832 (Immig. Ct. N.Y. City Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In making that determination, the IJ found that: (1) Gassama's testimony was "vague" and that his demeanor reflected negatively on his credibility; (2) he testified inconsistently regarding the incidents that form the basis of his claim; and (3) it was implausible that Gassama had no memory of key aspects of his past political activities. The BIA affirmed the IJ's adverse credibility finding, holding that the IJ properly "identified material inconsistencies . . . which are present in the record and support the adverse credibility determination." We are not compelled to conclude to the contrary. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Although Gassama argues that he adequately explained his inconsistent testimony, no reasonable factfinder would have been compelled to credit his explanations. *See id.* Moreover, contrary to Gassama's claim, even if the inconsistencies the IJ identified were minor, the IJ was entitled to rely on their cumulative effect. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the

2

claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal citations omitted)); *see also Liang Chen*, 454 F.3d at 106-07 ("[A]n IJ need not consider the centrality *vel non* of each individual discrepancy or omission" and can instead "rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence."). Regardless, the inconsistencies the IJ relied upon went to the heart of Gassama's claim because they were related to his alleged persecution by Mauritanian authorities.

Inasmuch as each of Gassama's claims share the same factual predicate, the IJ's adverse credibility determination is fatal to his application for asylum, withholding of removal, and CAT relief.[1] *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006). Because the adverse credibility determination is amply supported by the record, we need not reach the agency's alternate burden of proof findings.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Contrary to the government's argument that Gassama waived any challenge to the IJ's denial of CAT relief, Gassama sets forth the standard for CAT relief in his *pro se* brief and challenges the adverse credibility determination - the underlying basis for the IJ's denial of that relief. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).